UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE R.-Z.,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations of Social Security Administration,<br><br>　　　　　Defendant. | Case No. ED CV 16-1213-SP<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**<u>INTRODUCTION</u>**

On June 9, 2016, plaintiff Jorge R.-Z. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of disability insurance benefits ("DIB"). The parties have fully briefed the matters in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the Administrative Law Judge ("ALJ") erred at step five. Memorandum in Support of Plaintiff's

Complaint ("P. Mem.") at 4-8; Defendant's Memorandum in Support of Answer ("D. Mem.") at 1-4.

Having carefully studied the parties' memoranda on the issue in dispute, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ did not err at step five. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was thirty-six years old on the alleged disability onset date, is a high school graduate. AR at 56-57, 153. On October 8, 2009, plaintiff protectively filed an application for a period of disability and DIB, alleging a disability onset date of January 10, 1999 due to psychiatric problems, spondylolisthesis, sacroiliitis, and epicondylitis in the shoulder and back. *Id.* at 153, 156. The Commissioner denied plaintiff's application initially and upon reconsideration, after which plaintiff filed a request for a hearing. *Id.* at 71-85.

On August 4, 2011, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 31-70. The ALJ also heard testimony from Troy Scott, a vocational expert ("VE"). *Id.* at 65-68. On August 24, 2011, the ALJ denied plaintiff's claim for benefits. *Id.* at 14-27. Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-3, 7.

On February 20, 2013, plaintiff filed a complaint in this court seeking review of the Appeals Council's decision. *Id.* at 936. On January 17, 2014, this court approved the parties' stipulation to voluntarily remand the case to the Commissioner for further administrative proceedings. *Id.* at 939. On April 11, 2014, the Appeals Council vacated the final decision of the Commissioner and remanded the case to an ALJ. *Id.* at 942-46.

On February 10, 2015, plaintiff, represented by counsel, appeared and testified at a hearing before a different ALJ. *Id.* at 860-908. The ALJ also heard testimony from Lizet Campos, a VE. *Id.* at 895-903. On April 10, 2015, the ALJ again denied plaintiff's claim for benefits. *Id.* at 840-54.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity from January 10, 1999, the alleged onset date, through December 31, 2003, the date last insured. *Id.* at 842.

At step two, the ALJ found plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbosacral spine; repetitive trauma injury of the shoulders; obesity; major depressive disorder; and pain disorder associated with both psychological factors and general medical condition. *Id.* at 842-43.

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 843.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined he had the RFC to perform a range of light work, with the limitations that plaintiff: could lift, carry, push, and pull twenty pounds occasionally and ten pounds or less frequently; could stand and walk for six hours out of an eight-hour workday, but no more than thirty to forty-five minutes at a time, with a five to ten minute break before returning to standing and walking for another thirty to forty-

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

five minutes; could sit for six hours out of an eight-hour workday but with brief position changes after approximately thirty minutes, for one to three minutes; could perform postural activities occasionally; could occasionally do work above shoulder level; could not climb ladders, ropes, or scaffolds; was limited to non-public unskilled work; was precluded from fast paced production or assembly line type work; was precluded from jobs requiring hypervigilance or intense concentration on a particular task; and was precluded from jobs where he would have responsibility for the safety of others. *Id.* at 844-45.

The ALJ found, at step four, that plaintiff was unable to perform his past relevant work as a bench grinder. *Id*. at 852.

At step five, the ALJ found that, given plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including table worker of leather products, garment folder, and dowel inspector. *Id.* at 852-53. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act ("Act" or "SSA"). *Id.* at 854.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 827-30. The ALJ's decisions stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may

reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## **DISCUSSION**

Plaintiff contends the ALJ erred at step five by finding there were jobs available that plaintiff could perform when plaintiff's RFC precluded such work. In particular, plaintiff points to his RFC limitation that, after 30-45 minutes of standing or walking, he requires a five- to ten-minute break before returning to standing or walking. P. Mem. at 7; *see* AR at 844. Plaintiff contends the ALJ erroneously rejected the VE testimony and evidence in the record. P. Mem. at 4-5.

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468

F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC. 20 C.F.R. §§ 404.1512(f), 416.912(f).

ALJs routinely rely on the Directory of Occupational Titles ("DOT") "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information). The DOT is the rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. *Massachi*, 486 F.3d at 1152-53 (citing Social Security Ruling ("SSR") 00-4p). The ALJ must obtain a reasonable explanation for any apparent conflict. *Id.* Where the ALJ fails to obtain an explanation for and resolve an apparent conflict – even where the VE did not identify the conflict – the ALJ errs. *See Hernandez v. Astrue*, 2011 WL 223595, at *2-*5 (C.D. Cal. Jan. 21, 2011) (where VE incorrectly testified there was no conflict between her testimony and DOT, ALJ erred in relying on VE's testimony and failing to acknowledge or reconcile the apparent conflict); *Mkhitaryan v. Astrue*, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010) ("Because the ALJ incorrectly adopted the VE's conclusion that there was no apparent conflict [and] the ALJ provided no explanation for the deviation," the ALJ "therefore committed legal error warranting remand.").

Here, the ALJ posed a hypothetical to the VE, describing a person with the same RFC as that ultimately opined for plaintiff. AR at 895-96, 899. The

6

hypothetical included the limitation that the person could stand and walk for up to six hours total, "but no more than 30-45 minutes at a time," after which "the individual would need to have a five to ten minute break before they could return to standing and walking for another 30 to 45 minutes." *Id.* at 895-96. The VE testified a person with those limitations could perform the jobs of table worker of leather products, garment folder, and dowel inspector. *Id.* at 897-98, 899. She specifically testified she had considered "the parameters of the sit stand option" posed, and it would not be a problem for any of the three jobs because those "particular positions typically are working at tables where you have the option to sit or stand and you can move." *Id.* at 898. The VE added that based on her communications with employers, they allow "five minute breaks to step away if you need to . . . [j]ust for like stretching." *Id.* at 898-99. She later clarified that taking a "stretch break" that exceeded five minutes would be a problem for employers; "keeping it at five minutes usually not a problem, but beyond five minutes, yes." *Id.* at 901. The VE affirmed that her testimony was consistent with the DOT, except that her testimony regarding the effect of the sit stand option and two other limitations was not based on the DOT, which did not cover these limitations, but instead was based on her own experience in communicating with employers. *Id.* at 898, 900.

Plaintiff contends that because the ALJ found plaintiff needed a stretch break of five to ten minutes after 30-45 minutes of standing, and because the VE testified a stretch break of more than five minutes would be a problem, the ALJ rejected the VE's testimony in finding plaintiff was not disabled. But the ALJ did not in fact find plaintiff required a *stretch* break of up to ten minutes after 30-45 minutes of standing or walking. The ALJ found plaintiff required a five- to ten-minute break from standing and walking, after which plaintiff could resume standing or walking for another 30-45 minutes. *Id.* at 844-45. Although the VE

7

noted employers permit stretch breaks of up to five minutes, the ALJ did not state a stretch break was required. Instead, the ALJ simply stated a break was required, which would appear to include a break from standing by sitting. Since the VE testified the jobs in question typically included the option to sit or stand, an employee presumably could take a break from standing by sitting without taking a break from his or her work at all. Thus, even though the VE testified taking a stretch break of more than five minutes would be a problem, she also, and not inconsistently, testified a person with plaintiff's RFC could perform the jobs in question in light of their sit/stand option. Accordingly, the ALJ did not reject the VE's testimony when she found plaintiff could perform the jobs of table worker of leather goods, garment folder, and dowel inspector.

As the VE testified, there was no conflict between her testimony and the DOT. The DOT is silent as to whether the jobs in question have a sit/stand option. *See* DOT 783.687-030 (table worker), 789.687-066 (garment folder), 669.687-014 (dowel inspector). Where a VE testifies a hypothetical claimant who requires a sit/stand option can perform certain jobs and the DOT is silent as to whether the jobs allow for a sit/stand option, "[t]here is no conflict." *Dewey v. Colvin*, 650 Fed. Appx. 512, 514 (9th Cir. 2016).

Even if the DOT's silence could be considered a conflict, the VE's testimony resolved the conflict here. *See* SSR 00-4p; *Johnson*, 60 F.3d at 1435 (ALJ may rely on expert testimony which contradicts the DOT insofar as persuasive evidence supports the deviation). The VE noted the sit/stand option was not addressed by the DOT (AR at 900), but testified that based on her "professional experience in communicating with employers," the jobs in question "typically are working at tables where you have the option to sit or stand and you can move." *Id.* at 898. This was sufficient to address any potential conflict created by the DOT's silence on the sit/stand option. *See Buckner-Larkin v. Astrue*, 450

Fed. Appx. 626, 628 (9th Cir. 2011) (conflict between DOT and VE "was addressed and explained" by VE's testimony that, "although the DOT does not discuss a sit-stand option," the VE's determination that the jobs allow for sit-stand option was "based on his own labor market surveys, experience, and research").

Finally, even if the VE's testimony were not sufficient on this point, there is no conflict with the DOT as to the dowel inspector position, which is performed at the sedentary level, and therefore by definition involves sitting most of the time with only occasional walking and standing. *See* DOT 669.687-014. Plaintiff's RFC requires breaks only after walking and standing; the RFC contemplates plaintiff may sit for six hours with only brief position changes every 30 minutes. AR at 844-45. The VE testified there are 471,000 dowel inspector positions nationwide. *Id.* at 898. Even if the ALJ had erred in finding plaintiff could perform the work of table worker of leather goods and garment inspect, such error would have been harmless given the number of dowel inspector positions. *See Gutierrez v. Comm'r*, 740 F.3d 519, 529 (9th Cir. 2014) (25,000 nationwide jobs significant); *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (125,000 nationwide jobs significant).

The court finds, however, that there was no error. The ALJ properly relied on the VE's testimony to find at step five that there were jobs that existed in significant numbers in the national economy that plaintiff could have performed.

//
//

9

# V.
# **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: February 8, 2019

SHERI PYM
United States Magistrate Judge